## Powell, Appellant, v. East Union Township.

*Negligence—Defective highway—Municipalities—Notice.*

1. In an action for damages for personal injuries, resulting from an accident due to a horse falling in a hole in a country road, the plaintiff is not entitled to recover where it appears that the hole in the road was caused by the alternate thawing and freezing of the road surface and where the township authorities could not have had notice of the defect for more than thirty hours prior to the accident.

2. To charge the township authorities with constructive notice the defect must be apparent by reasonable inspection, and a reasonable time must elapse before the township can be charged with such notice.

Argued Dec. 3, 1918. Appeal, No. 270, Oct. T., 1918, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1917, No. 210, for defendant non obstante veredicto in case of Rebecca Powell, in the right of herself and minor daughter, Margaret Powell, v. East Union Township, Schuylkill County. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BERGER, J.

From the record it appeared that Margaret Powell, on the evening of February 18, 1915, between the hours of six and seven, while riding along a country road in East Union Township, Schuylkill County, met with an accident resulting from her horse stepping into a hole in the

middle of the road. It was alleged that the condition of the road was dangerous and unsafe and due to the negligence of the township authorities. At the trial, evidence was produced to prove that the hole was about nine inches deep, eight inches wide and fifteen inches long. No testimony was introduced to show that the supervisors of the township could have had more than thirty hours' notice of the defect in the road, which was a remote country highway. The action was brought in the name of Rebecca Powell, in right of herself and her minor daughter, Margaret Powell. Verdict for Rebecca Powell, in the right of herself, for $125, and in the right of Margaret Powell, her daughter, for $600.

Subsequently the court entered judgment for defendant n. o. v.

*Error assigned,* among others, was in entering judgment for defendant n. o. v.

*William Wilhelm,* and with him *James Scarlet,* for appellant.

*M. A. Kilker,* and with him *John J. Moran,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The legal propositions involved in this appeal are so carefully considered in the opinion of the court in entering judgment in favor of the defendant non obstante veredicto, that it is not necessary to further consider them. The right of the plaintiff to recover depended upon disputed facts, that were fairly submitted to the jury; the controlling one being, whether the defect in the highway was of such a character, that it was negligence on the part of the township to permit it to remain, and whether it had existed for such a length of time that the supervisors had such constructive notice of its character that they were bound to remedy it. It is conceded

that the township authorities did not have actual notice of the defect; that it was not apparent to all users of the roadway, which was in a sparsely settled portion of the township, and was not more than six feet wide; and that it had existed at the longest for a period of but thirty hours. Its immediate cause was credited by the witnesses to alternate thawing and freezing, resulting in the subsidence of a part of the surface into a culvert under the roadway.

The whole question was very carefully considered, both by court and jury, and under the authorities cited by the learned trial judge it is clear that the township authorities were not liable.

The assignments of error are overruled, and the judgment is affirmed.